IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Herrera, | No. CV-24-00413-PHX-DLR (ASB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

**TO HON. DOUGLAS L. RAYES, SENIOR UNITED STATES DISTRICT JUDGE:**

A review of the docket in this matter shows no timely service has been completed. For the reasons described below, undersigned recommends the matter be dismissed for failure to serve.

**A. Factual Background**

Plaintiff Jesse Herrera filed a letter on February 28, 2024, commencing this action. (Doc. 1.) Plaintiff's letter contained no caption. (*See id.*) The Court construed the letter as a Complaint and issued an Order. (Doc. 5.) In that Order, the Court dismissed the Complaint, allowing Plaintiff time to file an Amended Complaint, and requiring Plaintiff file the filing fee or submit an application to proceed in forma pauperis. (*Id.*)

Plaintiff filed a pro se Amended Complaint pursuant to 42 U.S.C. § 1983 on April 25, 2024. (Doc. 8.) The Amended Complaint named COII Figueroa[1] and Ryan Thornell

---

[1] Plaintiff spelled this Defendant's name "Figuerora" in the caption of the Amended Complaint, but then referred to that individual as "Figueroa" in the body of the

as Defendants. (*Id.*) Plaintiff also filed an application to proceed in forma pauperis and a motion to appoint counsel. (Docs. 6, 9.) In an Order filed June 12, 2024, the Court ordered Plaintiff to pay the filing fee, denied the motion to appoint counsel, dismissed Defendant Thornell, and ordered Plaintiff to timely serve Defendant COII Figueroa. (Doc. 11.) As to service, the Court ordered Plaintiff to return the completed service packet to the Clerk of Court within 21 days. (*Id.* at 7.) The Court further stated, "If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)." (*Id.*) Finally, the Court referred this matter to undersigned for further pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1). (*Id.* at 9.)

On July 1, 2024, Plaintiff sent a letter to the Court indicating he was waiting for a paralegal to assist him in completing the service packet. (Doc. 14.) Plaintiff requested the Court provide him with additional time to return the service packet. (*Id.*) On July 3, 2024, the Court construed the letter as a motion for extension of time and granted the motion. (Doc. 15.) The Court ordered Plaintiff to return the service packet in ten days. (*Id.*)

On August 13, 2024, the Court issued an order to show cause why the matter should not be dismissed for failure to comply with the Court's orders and proceed with service on Defendant Figueroa. (Doc. 16.) The Court ordered Plaintiff to show cause by August 29, 2024. (*Id.*)

On August 21, 2024, Plaintiff filed a letter with the Court stating the packet had not been returned to an error on prison staff's part. (Doc. 18.) In an Order filed August 30, 2024, the Court set aside its order to show cause and ordered Plaintiff to provide his completed service packet within 10 days. (*Id.*) However, the Court observed that the

---

Amended Complaint. (*See* Doc. 8.) The Court will continue to refer to this Defendant as "Defendant Figueroa."

1 docket showed Plaintiff had submitted the service packet was not complete, as the address for "Figueroa" was "unknown." (*Id.*) The Court reminded Plaintiff that Plaintiff is required to comply with the Federal Rules of Civil Procedure and the Rules of Practice for the U.S. District Court for the District of Arizona, and that failure to timely submit the completed service packet may result in dismissal. (*Id.*) The Court provided Plaintiff with an additional ten days to submit the completed packet to the Court. (*Id.*)

On September 16, 2024, Plaintiff filed another letter with the Court. (Doc. 20.) In that letter, Plaintiff repeated what he had stated in his motion to appoint counsel – that he does not know how to represent himself and requires assistance. (*Id.*) Plaintiff further indicated that the prison's paralegal has not been helpful and he does not believe it is right that he has been paying a filing fee for this case. (*Id.*) He indicated he does not know the address for Defendant Figueroa. (*Id.*) He repeatedly expressed his frustration with the Court's ruling that denied him counsel in this case. (*See id.*) In the letter, Plaintiff wrote about this matter in the past tense and expressed that he has had to "rest his case." (*See id.*)

To date, no completed service packet has been provided to the Court.

It is against this backdrop that undersigned considers the relevant Rules and controlling case law.

**B. Analysis**

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Rule 4(m) sets forth the time limits for service and directs that if a defendant is not served within 90 days after the complaint is filed, the Court, on its own after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(m) continues, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (analyzing good cause in the context of Rule 4(j)). Further, a plaintiff may "be required to show the following: (a) the party to be

served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir. 1987)). Indeed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court).

Here, Plaintiff was specifically warned that failure to comply with Rule 4 may result in dismissal of his action. (Docs. 11, 19.) On the record before it, the Court cannot conclude that Plaintiff has shown "good cause" as defined in *Boudette*. 923 F.2d at 756. While undersigned recognizes Plaintiff is incarcerated and self-represented, the District Judge has already assessed Plaintiff's incarceration and determined that "Plaintiff is in no different position than many pro se prisoner litigants." (Doc. 11 at 5.) The Court has provided multiple extensions of time to provide the service packet. The Court cannot give Plaintiff legal advice on how to prosecute his case. Further, undersigned cannot find that the unserved defendant has received actual notice of this action and would suffer no prejudice, and undersigned cannot find that Plaintiff would be severely prejudiced if his Complaint were dismissed as to the unserved defendant. *See Boudette*, 923 F.2d at 756. In sum, the Court finds Plaintiff has failed to prosecute this action as required regarding the unserved defendant (Defendant Figueroa). Consequently, dismissal of the Amended Complaint under Rule 41(b) is warranted.

In light of the foregoing, undersigned will recommend that the Complaint be dismissed without prejudice, as Defendant Figueroa is the only remaining defendant in this action.

//

# RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be **dismissed without prejudice**, and that the Clerk of Court terminate those defendants from this action accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 20th day of September, 2024.

Honorable Alison S. Bachus
United States Magistrate Judge